**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **NICOLE SAVERY, LARRY SAVERY,** | * | **CASE NO.:** |
| **GINA BAGLIO AND TROY BAGLIO** | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **THE DOW CHEMICAL COMPANY AND** | * | |
| **HEXION SPECIALTY CHEMICALS, INC.** | * | **MAGISTRATE:** |
| | * | |
| | * | **JURY DEMAND** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CLASS ACTION COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Nicole Savery, Larry Savery, Gina Baglio, and Troy Baglio, all persons of the full age of majority and a residents of the Parish of St. Charles, State of Louisiana, and respectfully aver as follows:

1.

Plaintiffs bring this class action on their own behalf and on behalf of those similarly situated pursuant to Federal Rules of Civil Procedure Rule 23. Plaintiffs herein represent that they have injuries and damages common to all those similarly situated who incurred damages as a result of the release of hazardous chemicals into the area and surrounding communities. Plaintiffs therefore seek to represent and prosecute all claims through class action proceedings against Defendants named herein for the class of persons similarly situated in the State of Louisiana.

2.

Until such time as a more precise determination of the affected geographical area can be made, this class action proceeding is brought on behalf of:

All residents, property owners, and individuals affected by the release of titanium tetrachloride and other hazardous chemicals from The Dow Chemical Company plant on Tuesday, April 13, 2010 and (a) who have sustained any injury or damage thereby, or (b) who may suffer such injury or damage in the future as a result thereof, or (c) who have sustained a justifiable fear of sustaining such injury or damage in the future as a result thereof.

3.

Made Defendants herein are The Dow Chemical Company, a foreign company authorized to do and doing business in Norco, St. Charles Parish, Louisiana, at all times material hereto and Hexion Specialty Chemicals, Inc., a foreign company authorized to do and doing business in Norco, St. Charles Parish, Louisiana at all times material hereto.

4.

On Tuesday, April 13, 2010, beginning at approximately 4:30 a.m., there was a release of titanium tetrachloride and other hazardous chemicals from The Dow Chemical Company unit located in the Hexion Specialty Chemicals, Inc. facility in Norco, St. Charles Parish, State of Louisiana which occurred, upon information and belief, due to the failure of an electrical pipe and the fault of Defendants, The Dow Chemical Company and Hexion Specialty Chemicals, Inc.  Plaintiffs and others similarly situated were harmed by that release.  This incident, event, or occurrence happened entirely within the State of Louisiana and resulted in injuries entirely in the State of Louisiana.  Upon information and belief, the release of these hazardous chemicals caused the evacuation of numerous homes, schools, businesses and the closure of roads in the area.

5.

Upon information and belief, the electrical pipe and/or equipment which failed and from which the titanium tetrachloride and other hazardous chemicals were released, as well as related and connected equipment and appurtenances, was owned and under the control of The Dow Chemical Company and/or Hexion Specialty Chemicals, Inc.  Therefore, The Dow Chemical Company and Hexion Specialty Chemicals, Inc., are properly party Defendants to this cause of action.

6.

It is alleged that the Defendants, The Dow Chemical Company and Hexion Specialty Chemicals, Inc. caused the release of the toxic, noxious and harmful titanium tetrachloride and possibly other hazardous chemicals on the morning of Tuesday, April 13, 2010.  The incident caused damages to Plaintiffs and others similarly situated.  Titanium Tetrachloride can convert to hydrochloric acid.  This hazardous and toxic chemical can cause eye and throat irritation and various other serious symptoms and adverse health effects.

7.

At all times material hereto, The Dow Chemical Company and/or Hexion Specialty Chemicals, Inc. had control and garde of the instruments and equipment that caused the release.

8.

Defendants knew or should have known that its electrical pipe and/or the equipment in question were defective and faulty and that the substance they released was harmful and would cause damages to the Plaintiffs and otherss similarly situated.

9.

Upon information and belief, Plaintiffs allege that this incident and the resulting damages suffered by Plaintiffs and others similarly situated were caused by the negligence and fault of the Defendants, The Dow Chemical Company and Hexion Specialty Chemicals, Inc. in the particulars shown below.

a. In releasing a hazardous and harmful substance to the atmosphere where they knew or should have known members of the public would come into contact with it;

b. In failing to properly handle and contain the hazardous and harmful substance which they were dealing with;

c. In allowing to exist a hazardous situation consisting of faulty and insufficient procedures and work practices;

d. In failing to properly warn Plaintiffs to keep away from the substance;

e. In failing to properly inspect their equipment and plant facility to assure that the equipment and personnel they utilized were fit for their intended purpose;

f. In acting in a careless and negligent manner without due regard for the safety of others;

g. In failing to promulgate, implement and enforce rules and regulations pertaining to the safe operation of the tasks being conducted at the time of the incident which, if they had been so promulgated, implemented and enforced, would have averted the said incident;

h. Inadequate and negligent training and hiring;

i. Failing to take appropriate action to avoid or mitigate the incident;

j. In employing untrained or poorly trained employees and failing to properly train their employees;

k. Failure to recognize and/or to properly react to incident;

l. Failure to timely warn;

      m.      Owning and/or having custody and control of dangerous and defective equipment;

      n.      Failure to timely bring the situation under control; and

      o.      Such other acts of negligence as will be shown at the trial of this matter.

All of the above were in contravention of various federal and state laws and the ordinance of the Parish of St. Charles, which are pleaded herein as if copied in extenso.

10.

This action is appropriate for determination through a class action for the following reasons:

      a.      The large number of potential claimants present a level of numerosity better handled through the class action procedure as opposed to a mass joinder of individual claims;

      b.      The common issues of law and fact pertaining to the determination of fault and the liability for damages predominate over any individual issues of quantum;

      c.      The determination of fault and the basis for assessment of damages may be made in the class action under the provisions of Federal Rules of Civil Procedure Rule 23 without the necessity of proof at that time as to the amount of those damages, thereby establishing guidelines for settlement and/or subsequent trials in individual cases if necessary;

      d.      Plaintiffs herein have sustained damages of the nature described hereinabove and are suitable representatives of the proposed class;

      e.      Plaintiffs herein are represented by skilled attorneys who are experienced in handling of mass tort class actions and who may be expected to handle this action in an expeditious and economical manner to the best interests of all the class membership

      f.      The Plaintiffs' claims are typical of those of the class members; and

      g.      The Rule 23 Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein.

11.

Plaintiffs alleges that they and others similarly situated Plaintiffs will require medical monitoring. Plaintiffs respectfully requests that a medical monitoring class be certified.

12.

The questions of law and fact arising out of the claims made by the Proposed Class are common and include, but are not limited to, establishing facts to resolve the following common questions of law:

 a. Whether Defendants are the responsible parties for the release into the community on the date in question;

 b. The composition of the released material and other hazardous contaminants released by Defendants in question;

 c. The short term impact of the released materials on the affected homes and individuals and on the environment;

 d. The long term impact of the released materials on the affected homes and on the environment; and

 e. Fear of contracting cancer and/or other contaminant-related diseases as a result of Defendants action.

13.

Plaintiffs allege that they have suffered damages in an amount in excess of $75,000.00 exclusive of interest and court costs, as to themselves and each proposed class member.

14.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the amount in controversy exceeds $75,000.00 exclusive of interest

and costs as to the Named Plaintiffs and each member of the proposed class and all Plaintiffs are diverse from all Defendants.  Venue is also proper in this District.

15.

The damages to Plaintiffs and others similarly situated were also caused by or aggravated by the fact that Defendants failed to properly respond to the incident and take necessary actions to mitigate the danger to the surrounding community and/or to timely and adequately warn the public of the application of the substance.

16.

In addition to the negligence stated above, and in the alternative thereto, the injuries and damages suffered by Plaintiffs were caused by acts or omissions of the Defendants, which acts or omissions may be beyond proof by the Plaintiffs herein, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the incident resulted from the negligence of the Defendants. Furthermore, the incident would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiffs therefore plead the doctrine of <u>res ipsa loquitur</u>.

17.

As a result of the exposure to the substances caused by Defendants, Plaintiffs, Nicole Savery, Larry Savery, Gina Baglio, Troy Baglio and others similarly situated suffered injuries, symptoms, inconvenience, emotional distress, mental anguish and other damages. Plaintiffs may also suffer medical expenses and may suffer lost wages or loss of earning capacity.

18.

All of the above considerations caused Plaintiffs fear, anguish, discomfort and inconvenience, as well as pain and suffering, emotional distress, and psychiatric and psychological damages, damages related to evacuation, property damages and other related damages.

**WHEREFORE**, Plaintiffs pray that the Defendants, The Dow Chemical Company and Hexion Specialty Chemicals, Inc., be duly served with a copy of this Complaint and be citied to appear and answer same; that after due proceedings are had that there be a trial by jury of this matter; that after due proceedings are had, that there be a judgment in this matter in favor of the Plaintiffs and against the Defendants declaring that said Defendants are liable to the Plaintiffs for compensatory damages in an amount to be determine by this Honorable Court together with all interest thereon from the date of judicial demand, all costs of these proceedings and any and all other just and equitable relief as deemed necessary and proper by this Honorable Court.

Further, Plaintiffs pray that this Court formulate a suitable case management plan and certify this matter as a class.

Respectfully submitted,

 */s/ Hugh P. Lambert*
HUGH P. LAMBERT, ESQ. (LA #7933)
LINDA J. NELSON, ESQ. (LA #9938)
LAMBERT & NELSON, PLC
701 Magazine Street
New Orleans, LA 70130
Telephone: (504)581-1750
Facsimile: (504)529-2931
hlambert@lambertandnelson.com
lnelson@lambertandnelson.com

8

*-and-*

 /s/ Daniel E. Becnel, Jr.
DANIEL E. BECNEL, JR., ESQ. (LA #2926)
DARRYL J. BECNEL, ESQ. (LA #22943)
BECNEL LAW FIRM, LLC
106 West 7th Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445
dbecnel@becnellaw.com
darrylbecnel@becnellaw.com

***Counsel for Plaintiffs***

**PLEASE SERVE:**

**THE DOW CHEMICAL COMPANY**
Through its registered agent for service:
C.T. Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808

*-and-*

**HEXION Specialty CHEMICALS, INC.**
Through its registered agent for service
National Registered Agents, Inc.
1011 N. Causeway Blvd., Suite 3
Mandeville, Louisiana 70471